UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODORE GOMEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | Judge |
| CITY OF CHICAGO, ) | |
| BRUCE DYKER, ) | Magistrate Judge |
| ) | |
| Defendants. ) | |

**COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the statutes and common law of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff Theodore Gomez is a resident of Chicago.

5. Defendant-Officer Bruce Dyker, Star #19236, is a duly appointed and sworn Chicago police officer.

1

6. At all times relevant to this Complaint, Defendant-Officer Dyker was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officer is sued in his individual capacity.

8. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officer.

**Facts**

9. On March 15, 2016, Plaintiff was driving at or near 3402 North New England Avenue in Chicago.

10. Defendant Dyker, in his police vehicle, effectuated a traffic stop of Plaintiff.

11. Plaintiff had tools in his car, including a hatchet and knife, that he used in his work as a metal/junk collector.

12. Dyker observed these tools in Plaintiff's vehicle.

13. At the time Dyker observed these tools in Plaintiff's vehicle, he was aware that Plaintiff was a junk collector.

14. During the traffic stop, Plaintiff provided Dyker with his license to work as a junk collector.

15. Plaintiff had no intent to use the tools unlawfully against another.

16. Plaintiff had not intent to use the tools as a weapon and/or to injure/harm another.

17. Plaintiff did not possess or display any firearms on his person or in his vehicle.

18. Dyker did not have any probable cause to believe Plaintiff possessed the knife and hatchet with an intent to use them unlawfully against another.

19. Dyker did not have any probable cause to believe Plaintiff possessed or displayed firearms on his person or in his vehicle.

20. There was no probable cause to arrest Plaintiff.

21. Nevertheless, Defendant Dyker arrested and charged Plaintiff with the crime of Unlawful Use of a Weapon (UUW), specifically provision 720 ILCS 5/24-1(a)(10).

22. Dyker signed a criminal complaint, under oath, against Plaintiff, falsely charging Plaintiff with UUW.

23. As a result of the arrest and criminal charges, Plaintiff spent approximately 5 hours in custody at the scene and imprisoned at the police station.

24. Plaintiff went to court and hired a criminal defense attorney to defend himself against the false criminal charges.

25. The charges against Plaintiff were dismissed.

26. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages, including loss of physical liberty, emotional distress, criminal defense attorneys' fees, and lost wages.

## COUNT I
## 42 U.S.C. § 1983 – False Arrest / Unreasonable Seizure

27. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28. Defendant-Officer Dyker placed Plaintiff under arrest.

29. Defendant-Officer Dyker seized Plaintiff.

30. Defendant-Officer Dyker did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.

31. The arrest and/or seizure of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizure.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer Dyker,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
## State Law Claim for Malicious Prosecution

32. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

33. Defendant-Officer Dyker instituted charges against Plaintiff for UUW, violation of 720 ILCS 5/24-1(a)(10).

34. There was no probable cause for such charges.

35. The charges were terminated in a manner favorable to Plaintiff when they were dismissed.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer Dyker,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### Respondeat Superior

36. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

37. Defendant-Officer Dyker, and any other Chicago police officers involved in the seizure, arrest, imprisonment, and prosecution of Plaintiff, were acting in the scope of their employment and as agents of their employer City of Chicago.

38. City of Chicago is liable for the acts of its agents and employees, and is therefore liable for malicious prosecution and any other state law claim that arises out of the incident that is the subject of this Complaint.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against City of Chicago,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### Indemnification Claim pursuant to 745 ILCS 10/9-102

39. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

40. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the Defendant-Officer's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officer for any judgment for compensatory damages and attorneys' fees in this case arising from his actions.

41. Jury trial demanded.

        Respectfully submitted,

        <u>/s/ Amanda S. Yarusso</u>
        Counsel for Plaintiff

Amanda S. Yarusso
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(773) 510-6198